**United States District Court**
**District of Minnesota**

| | |
|---|---|
| Mescal Urich,<br><br>Plaintiff,<br><br>v.<br><br>J.C. Christensen & Associates, Inc., and Russell Doe,<br><br>Defendants. | Court file no. _______________<br><br>**Complaint**<br><br>**JURY TRIAL DEMANDED** |

## Jurisdiction

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), in their illegal efforts to collect a consumer debt.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper because the acts and transactions occurred in Minnesota, Plaintiff resides in Minnesota, and Defendants transact business in Minnesota.

## Parties

4. Plaintiff Mescal Urich is a natural person who resides in Minneapolis , County of Hennepin, State of Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant J.C. Christensen & Associates, Inc. (hereinafter "Defendant J.C. Christensen") is a collection agency operating from an address of P.O. Box 519, Sauk Rapids, MN 56379, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Russell Doe is a natural person that is employed at all relevant times by Defendant J.C. Christensen as a collection agent and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

*Background*

7. In or around 2011, Plaintiff allegedly incurred financial obligations that were primarily for personal, family or household purposes and are therefore each a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, debt for physician service(s) with Fairview and the University of Minnesota, in the approximate amounts of $1,453.61 and $169.50.

8. Sometime thereafter, the debts were consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

*Defendant J.C. Christensen's Employee Harasses Plaintiff on June 13, 2012*

9. On or about June 13, 2012, Defendant J.C. Christensen contacted Plaintiff by telephone in an effort to collect the debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10. Plaintiff spoke with an unidentified debt collector working for Defendant J.C. Christensen.

11. Defendant J.C. Christensen's collector spoke in a harsh and condescending tone to Plaintiff and demanded payment of $1,400, or words to that effect.

12. Defendant J.C. Christensen's collector said he was calling from a law office, or words to that effect.

13. Plaintiff asked Defendant J.C. Christensen's collector if he was a lawyer, and the collector stated "no, I'm just a debt collector collecting on a debt from Fairview Hospital" or words to that effect.

14. Plaintiff was confused as to why the collector identified himself as calling from a law office if he was not an attorney. Because Defendant J.C.

Christensen's collector stated he was calling from a law office, Plaintiff was concerned she would be sued by Defendant J.C. Christensen.

15. Defendant J.C. Christensen's collector then reiterated that Plaintiff needed to pay $1,400, or words to that effect.

16. Plaintiff asked if she could make a payment plan, or words to that effect.

17. Defendant J.C. Christensen's collector stated that they would not accept a payment plan and Plaintiff needed to pay the full amount, or words to that effect.

18. Defendant J.C. Christensen's collector stated that Fairview had sent numerous letters and Plaintiff should have asked for a payment plan then, or words to that effect.

19. Defendant J.C. Christensen's collector then asked Plaintiff if she could borrow the funds from a family member, friend, or financial institution, or words to that effect.

20. Plaintiff explained her credit score was too low for a bank or financial institution to consider Plaintiff for a loan, or words to that effect.

21. Defendant J.C. Christensen's collector then demanded to run Plaintiff's credit report, or words to that effect.

22. Plaintiff denied the request.

23. Defendant J.C. Christensen's collector then stated he could help find a financial institution but he needed to run Plaintiff's credit report, or words to that effect.

24. Plaintiff again denied the request.

25. Defendant J.C. Christensen's collector raised his voice and demanded to run Plaintiff's credit report, or words to that effect.

26. Because Defendant J.C. Christensen's collector was ignoring her and attempting to intimidate her, Plaintiff hung up the phone.

27. After the call, Plaintiff felt upset and felt like Defendant J.C. Christensen's collector was intimidating and harassing her.

28. This phone call was a collection communication in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(3), 1692e(10), and 1692f, among others.

*Defendants Harass Plaintiff on July 18, 2012*

29. On or about July 18, 2012, Defendant J.C. Christensen contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

30. Plaintiff spoke with Defendant Russell Doe, a collector working for Defendant J.C. Christensen.

31. Defendant Russell Doe told Plaintiff he was calling about a debt in the amount of $169.50 from the University of Minnesota, or words to that effect.

32. Plaintiff asked Defendant Russell Doe if he was calling from a law firm, or words to that effect.

33. Defendant Russell Doe stated "no, I'm a debt collector" or words to that effect.

34. Plaintiff was confused, as she had been previously told that Defendant J.C. Christensen was a law firm.

35. Plaintiff stated she was not aware of a bill from the University of Minnesota for that amount, or words to that effect.

36. Defendant Russell Doe stated that Plaintiff should have at least received a bill from Medica indicating what she owed, or words to that effect.

37. Defendant Russell Doe stated that if Plaintiff was not receiving her bills then she should contact her post office, or words to that effect.

38. Defendant Russell Doe told Plaintiff that she should be more responsible about her bills, or words to that effect.

39. Plaintiff explained that she could not pay the entire amount at that time, or words to that effect.

40. Defendant Russell Doe stated he wanted the entire amount, or words to that effect.

41. Defendant Russell Doe then demanded that Plaintiff contact him later that same day to tell him how she was going to pay the bill, or words to that effect.

42. Soon thereafter, the call ended.

43. After the phone call ended, Plaintiff felt upset and intimidated.

44. This phone call was a collection communication in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f, among others.

*Summary*

45. All of the above-described collection communications made to Plaintiff by these individual Defendants and other collection employees employed by Defendant J.C. Christensen, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

46. Plaintiff has suffered actual damages as a result of Defendants' illegal conduct in the form of anxiety, emotional distress, upset, and frustration, amongst other negative emotions.

**Respondeat Superior Liability**

47. The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant J.C. Christensen who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant J.C. Christensen.

48. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Defendant J.C. Christensen in collecting consumer debts.

49. By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant J.C. Christensen.

50. Defendant J.C. Christensen is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

**Trial by Jury**

51. Plaintiff is entitled to and hereby respectfully demand a trial by jury. US Const. Amend. 7; Fed. R. Civ. P. 38.

**Cause of Action**

**Count 1:**
**Violations of the Fair Debt Collection Practices Act**
**15 U.S.C. §§ 1692 et seq.**

52. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

53. The foregoing intentional and negligent acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but

not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692–1692p.

54. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## Prayer for Relief

**Wherefore**, Plaintiff prays that judgment be entered against each Defendant for:

### Count 1:
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

- statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;
- costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and
- for such other and further relief as may be just and proper.

**[signature follows]**

Respectfully submitted,

**The Ryder Law Firm, LLC**

Date: September 10, 2012

*s/Randall P. Ryder*

Randall P. Ryder (#389957)
2701 University Avenue SE, #209
Minneapolis, MN 55414

phone • 612.424.3770
fax • 612.605.3247
e-mail • email@theryderlawfirm.com

Attorney for Plaintiff

## Verification of Complaint and Certification

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

Pursuant to 28 U.S.C. § 1746, Plaintiff Mescal Urich having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney(s) and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 5, 2012

Mescal Urich
Mescal Urich